DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **KEITHLEY PARRIS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>**GOVERNMENT OF THE VIRGIN ISLANDS,** )<br>**and VIRGIN ISLANDS** )<br>**POLICE DEPARTMENT** )<br>)<br>**Defendants.** )<br>)  | Civil Action No. 2017-0012 |

**Appearances:**
**Martial A. Webster, Sr., Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Temporary Restraining Order and Injunctive Relief," filed by Plaintiff Keithley Parris on February 22, 2017. (Dkt. No. 2). In his Motion for a Temporary Restraining Order, Plaintiff seeks the return of approximately $23,000 that was allegedly seized by law enforcement officers on October 11, 2016. For the reasons that follow, the Motion will be denied.

### I. PROCEDURAL HISTORY

On February 22, 2017, Plaintiff filed a Verified Complaint in which he alleges that, on or about October 11, 2016, Plaintiff left the Henry E. Rohlsen airport after returning from a business trip in Orlando, Florida. (Dkt. No. 1 at 2). Plaintiff is "a local promoter and he was returning from Miami Carnival where he and other promoters held promotions during Miami Carnival weekend."

(*Id.*). As Plaintiff was driving away from the airport, law enforcement officers stopped him, told him to step out of his vehicle, and "illegally search[ed] [P]laintiff" but found no illegal items on his person. (*Id.*). Law enforcement officers then used dogs to search through Plaintiff's vehicle and luggage—even though Plaintiff did not consent to the search. (*Id.*).

According to the Complaint, as a result of the search the law enforcement officers illegally confiscated approximately $23,000 from Plaintiff's luggage. (*Id.*). While the law enforcement officers gave Plaintiff a receipt for the confiscated money, the receipt fails to state the amount of money that was confiscated. (*Id.*). As of the date Plaintiff filed his Complaint, law enforcement has still not provided Plaintiff with a figure for the amount of money that was seized, "despite "numerous request[s]." (*Id.*). Plaintiff asserts that the money that law enforcement seized "came from promotions in Miami, Florida and was not derived from any illegal activities." (*Id.*).

Plaintiff seeks a temporary restraining order for the immediate return of the approximately $23,000 that law enforcement officers allegedly removed from his luggage on October 11, 2016. (*Id.* at 3). Plaintiff requests that the temporary restraining order also prohibit the Government and its agents from having further contact with him outside the presence of counsel and from harassing him unnecessarily. (*Id.*).

In his "Memorandum of Law in Support of Motion for Temporary Restraining Order and Injunctive Relief," filed on February 22, 2017, Plaintiff reiterates the facts recited in his Complaint. (Dkt. No. 3 at 1-2). Plaintiff argues that the Government agents had no authority under the forfeiture statutes, 18 U.S.C. §§ 981 and 982, to conduct a warrantless search without probable cause and seize the money, which he legally obtained. (*Id.* at 3-4). Plaintiff asserts that he had "informed Homeland Security, when he was travelling from Orlando on October 11, 2016, that he

had approximately $23,000.00 in his luggage and was allowed to travel with said amount of cash." (*Id.* at 4).

Plaintiff then addresses the requirements for a court to grant a temporary restraining order—probability of success on the merits, irreparable harm, balancing of hardships, and public interest. (*Id.* at 8-11). With regard to the probability of success, Plaintiff argues that the questions before the Court are whether the money was wrongfully seized in violation of his constitutional rights, and whether the Government should be ordered to return the money forthwith. (*Id.* at 8). He asserts that the Government agents had no probable cause to believe he was engaged in any illegal activity with the money or that the money was traceable to any illegal activity, and the agents failed to follow the dictates of the forfeiture statutes when they seized the money. (*Id.*).

With regard to irreparable injury, Plaintiff claims that he is "not seeking an injunction based on pure economic damages or slight inconvenience. Rather, Plaintiff asserts that the seizure of $23,000.00 denies him of his ability to work and provide for the immediate shelter, food, education and necessities for himself and his family." (*Id.* at 9 (internal citation omitted)).

Concerning the balance of hardships between himself and the Government, Plaintiff contends that he "will be deprived of working and providing for his family" and the Government's continued possession of the money would present a hardship on him, his work, and his family which would outweigh the risk that the money would be lost, concealed, or transferred if law enforcement returns it to him. (*Id.* at 9-10).

Turning to the public interest element, Plaintiff states that "the Government should not be allowed to shirk the law in an effort to conduct an illegal search and seizure under the guise of forfeiture seizure where there is no probable cause to believe the money was involved in or traceable to any illegal activity." (*Id.* at 11).

## II. DISCUSSION

### A. Applicable Legal Principles

Under Rule 65 of the Federal Rules of Civil Procedure, the Court may grant injunctive relief with a temporary restraining order or a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback & Conserve Prog. Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). Injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." *Id.* (quoting *Frank's GMC Truck Ctr., Inc. v. GM Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)) (quotations omitted). The same legal standard applies to requests for a temporary restraining order and a preliminary injunction. *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005).

To prevail on a motion for a temporary restraining order, the moving party must show each of the following four elements: (1) a reasonable probability of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005).

If the movant fails to demonstrate an imminent risk of irreparable harm, that is "a sufficient ground" upon which to deny both a temporary restraining order and a preliminary injunction. *Beberman v. U.S. Dep't of State*, __ F. App'x __, 2017 WL 117527, at *2 (3d Cir. Jan. 12, 2017); *see also ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009)

(opining that "[a] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction") (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("In the absence of irreparable injury, no preliminary injunction would lie, even if the other three elements . . . were found.").

### B. Analysis

The Court's analysis will focus on the irreparable harm element of the temporary restraining order test. Because Plaintiff has failed to show irreparable harm, the Court will deny his Motion.

Irreparable harm is "harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co.*, 882 F.2d at 801. To satisfy this element, the party moving for injunctive relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 217 n.11 (3d Cir. 2014) (emphasis in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (quotations omitted). "It is not enough for the harm to be 'serious or substantial. . . . [I]t must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Beberman*, 2017 WL 117527, at *3 (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). The word irreparable "means that which cannot be repaired, retrieved, put down again, atoned for." *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976) (quoting *Gause v. Perkins*, 3 Jones Eq. 177, 69 Am. Dec. 728 (1857)) (quotations omitted). It is well-established that "[t]he irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages. This is not an easy burden." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000).

At the outset, the Court notes that Plaintiff's alleged loss of the money—by itself—cannot constitute irreparable harm as it is capable of being redressed by monetary compensation. *ECRI*, 809 F.2d at 226 ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law." (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982))) (quotations omitted). Knowing this, Plaintiff argues that he would suffer "irreparable harm" because "the seizure of $23,000.00 denies him of his ability to work and provide for the immediate shelter, food, education and necessities for himself and his family." (Dkt. No. 3 at 9). However, Plaintiff offers no explanation or details as to why failing to immediately recover the money—which was seized almost five months ago—now denies him the ability to work and provide shelter, food, education, and other necessities for himself and his family. The barebones and conclusory statements upon which Plaintiff rests his analysis fail to carry his burden of showing that he is likely to suffer irreparable harm in the absence of an injunction. *See Instant Air Freight Co.*, 882 F.2d at 802-03 (finding that "general statements" that a corporation will go out of business and "no longer exist" in the absence of an injunction were "insufficient to demonstrate irreparable harm").

Additionally, Plaintiff's argument that the continued loss of the money prevents him from working and providing the necessities for him and his family fails to show injury "of a peculiar nature, [such] that compensation in money cannot atone for it." *Beberman*, 2017 WL 117527, at *3 (quoting *ECRI*, 809 F.2d at 226). In this regard, the Court finds the case of *Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987) to be instructive. In *Morton*, the plaintiff was suing for unlawful discharge and argued that, without his salary, he would be irreparably harmed during the pendency of his trial. *Id.* at 371-72. The district court agreed, finding that the plaintiff "lives, in effect, on his salary" and that depriving him of the salary "would be economically irreparable and could not be

cured by giving the money back at a subsequent date." *Id.* at 372 (internal quotations and brackets omitted). The Third Circuit reversed the district court and held that the plaintiff had failed to show irreparable harm. *Id.* In so holding, the Third Circuit reasoned that the plaintiff's claimed injury "is purely economic in nature and thus compensable in money." *Id.* The Third Circuit noted that "[a]lthough we are not insensitive to the financial distress suffered by employees whose wages have been terminated, we do not believe that loss of income alone constitutes irreparable harm." *Id.*

Here, Plaintiff asserts that the continued deprivation of his money denies him the ability to work and prevents him from supporting his family. (Dkt. No. 3 at 9). In addition to the cursory and unsupported nature of Plaintiff's claims, these circumstances are similar to those faced by the plaintiff in *Morton*, who lost his employment and with it the salary that he effectively lived on. *Morton*, 822 F.2d at 372. As in *Morton*, the Court finds that Plaintiff's claimed injury "is purely economic in nature" and that Plaintiff has failed to show "something uniquely threatening about the particular loss of money" that would make the claimed harm irreparable. *Adams*, 204 F.3d at 485 (quoting *Morton*, 822 F.2d at 372) (quotations omitted).[1]

---

[1] In the proposed Order attached to his Motion for Temporary Restraining Order, Plaintiff also seeks a hearing. (Dkt. No. 2-1 at 1). Because Plaintiff has presented only cursory and unsupported factual assertions, the Court declines to hold a hearing. *Beberman*, 2017 WL 117527, at *4 ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990))).

### III. CONCLUSION

In sum, the Court finds that Plaintiff has failed to show irreparable harm, which is a necessary element to obtaining a temporary restraining order. Accordingly, the Court will deny Plaintiff's Motion for Temporary Restraining Order. (Dkt. No. 2).[2]

### ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief (Dkt. No. 2) is **DENIED**.

**SO ORDERED**.

Date: March 7, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[2] As noted above, in addition to the immediate return of the money, Plaintiff requests that the Government and its agents be prohibited from "having any further contact with Plaintiff outside the presence of counsel" and from "harassing the Plaintiff unnecessarily." (Dkt. No. 3 at 12). There have been no facts stated or arguments made in support of these requests for injunctive relief. Accordingly, the Court will also deny Plaintiff's Motion for Temporary Restraining Order as to these requests.